IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――――

No. 01-21316

―――――――――――――――

CONDEA VISTA COMPANY,

Plaintiff-Appellee-Cross-Appellant,

versus

GENCORP, INC.; OMNOVA SOLUTIONS, INC.

Defendants-Appellants-Cross-Appellees.

―――――――――――――――

Appeals from the United States District Court
For the Southern District of Texas
(H-00-CV-2224)

―――――――――――――――

March 18, 2003

Before REAVLEY, JOLLY, and JONES, Circuit Judges.

PER CURIAM:[*]

Because we find the specific language of the agreement dispositive in favor of Condea Vista's interpretation, we affirm. The pricing provision provided that "[u]pon conclusion of a six month period, the 'final' published average CDI price will be used to calculate an adjustment which will be included in the price estimate in the next six month period." This language explicitly

―――――――――――

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treats the six-month price as an estimate and supports Condea Vista's common sense interpretation of the pricing provision to include a 'look-back' provision. Accordingly, we need not reach the extrinsic evidence offered by GenCorp/Omnova, or its arguments about the intent of the contract, though it is clear that Condea Vista's interpretation is entirely consistent with the statement of intent contained in the document.

With respect to Condea Vista's claims for fraudulent misrepresentation, we affirm the district court's determination that there were no actionable misrepresentations made by GenCorp/Omnova that substantiate a cause of action separate from a claim under the contract; Condea Vista failed to establish the essential elements of common law fraud. See e.g., Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc., 960 S.W.2d 41, 47 (Tex. 1998). Finally, the assessment of post-judgment interest under 28 U.S.C. § 1961, which rate on the date of the judgment was 2.6%, was correct in this diversity case. See e.g., Chapman & Cole and CCP, Ltd. v. Itel Container International, B.V., 865 F.2d 676, 689 (5th Cir. 1989).

Because we find the contract is unambiguous and properly construed in favor of Condea Vista, the judgment of the district court is

AFFIRMED.